## THE STATE *v.* BRIEN.

Where the object of the prisoner's counsel did not seem to be to except to the Judge's charge or to procure different or additional charge, but to make counter explanations and objections in the hearing of the jury, after the cause was submitted to them. *Held:* that the Court did not err in refusing such explanations and objections to be made.

In trials for murder or manslaughter the violent and quarrelsome character and disposition of the deceased cannot be given in evidence.

APPEAL from the First District Court of New Orleans, *Robertson*, J. *Morse*, (Attorney General) for State. *Ogden & Leovy*, for the accused and appellant.

SPOFFORD, J. The defendant was convicted of manslaughter and sentenced to imprisonment at hard labor for seven years.

Having appealed to this Court he relies upon two bills of exceptions to procure a reversal of the judgment.

1st. The prisoner complains that the Judge refused to permit his counsel to state his objection to the charge and except to the same in presence of the jury, after they had risen from their seats, but before they had withdrawn. The Judge states that the counsel did not ask any additional charge, but wished to state objections in the hearing of the jury after the case had been submitted to them by the court.

Under this state of facts, we do not perceive that the court erred to the prejudice of the prisoner. The counsel tendered no bill of exceptions containing the points of the charge which he thought objectionable, and the object seems to have been not to procure any different or additional charge, but to make counter explanations and objections in the hearing of the jury after the cause was submitted to them. As we are not informed of any particulars wherein the judge's charge was thought to be erroneous, we cannot presume that it was so. If it was not, the prisoner suffered no injury. The counsel did not ask to have the charge reduced to writing.

2d. Evidence was offered to show that the deceased was a man of intemperate habits, and of violent and quarrelsome character and disposition, and that he had been turned away from the Seamans's Home, on two different occasions, on account of violent and quarrelsome conduct whilst under the influence of liquor, and that when he got sober he returned and apologized and begged to be re-admitted, and was re-admitted on his promise of better conduct. The prisoner, admitting the general rule that in trials for murder or manslaughter evidence of the bad character of the deceased is inadmissible; contended that in the present case the evidence bore directly upon the question whether the prisoner had given the blow wantonly or maliciously, and without

STATE
v.
BRIEN.

justification or excuse, or had given it in self-defence, and to repel a violent and dangerous assault upon his person by the deceased.

We have been referred to no authority for considering this an exception to the general rule, and we find the evidence, under the facts stated in the bill, to be open to all the objections to which such evidence is generally liable. 1 Wharton's Criminal Law, 172. *State* v. *Chandler*, 5 An. 489. *State* v. *D'Angelo*, 9 An. 48.

The judgment is affirmed with costs.